**United States v. Leonardo Trulsen De Oliveira, Case No. 21CR1538-GPC**

**FINANCIAL ADDENDUM**

1.  Defendant's conviction will include financial penalties such as a forfeiture, fine, and restitution. This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

**A.   Forfeiture**

i.   In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit to the United States all property seized in connection with this case pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 982(a)(2)(b), 1028(b)(5), and Title 28, United States Code, Section 2461(c).

ii.  As part of Defendant's guilty plea to Counts 1, 2, 5, 10, 12, 15, and 16 of the Indictment, as set forth in section I of the plea agreement, Defendant consents to the forfeiture allegations of the Indictment and agrees to forfeit all properties seized in connection with the case, including, but not limited to: (1) an Apple iPhone 11 IMEI #356553104961741; (2) an Apple iPhone 7 IMEI # 352986090966767; (3) a Nokia TA-1218 IMEI #355783102026665; (4) a Nokia TA-1218 IMEI #355783102026665; (5) an ASUS Chrome Laptop with Serial Number 355783102026798; (6) an iPad Serial # DLXGR47VDJHH; and (7) a Acer Chromebook Serial # NXHKBAA002108275337611.

iv.  Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant and as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties

seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant waives all demand for payment of the forfeiture judgment and waives all notices for substitution of property to collect the full amount of the judgment.

    v. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

    vi. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

    vii. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any

particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

**B.    Restitution**

  i.   The crime to which Defendant is pleading guilty requires an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant make mandatory restitution to the victim(s) of the offense of conviction or the estate(s) of the victims(s).

  ii.  The amount of restitution ordered by the Court shall include restitution to any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. The parties agree that the Court may also order restitution to persons other than the victims of the offense of conviction. Restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and charges.

  iii. The parties estimate the amount of restitution will be approximately $160,000.00. Accordingly, the parties will jointly recommend that Defendant pay restitution in the amount of $160,000. Defendant understands that this is only an estimate based on currently available information, and the Court may impose restitution of any amount. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw Defendant's guilty plea. The defendant also agrees that nothing in this plea agreement or restitution addendum limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office to calculate restitution.

Financial Addendum        21        Def. Initials _____
                                              21-CR-1538-GPC

1  　　　　iv.   Defendant agrees that notwithstanding any court order,
2  the restitution is due and payable in full and delinquent until paid in
3  full. Any payment schedule imposed by the Court establishes only a
4  minimum obligation, and does not foreclose the United States from
5  exercising all legal actions, remedies, and process available to collect
6  the restitution judgment, including but not limited to remedies pursuant
7  to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).  Defendant will make a good
8  faith effort to pay the full restitution.  Defendant further agrees that
9  the restitution judgment may be executed against property wherever it
10 is held and Defendant waives all rights to contest the enforcement of
11 the judgment against any and all property owned by defendant or in which
12 he has an interest.  Defendant consents to the entry of the restitution
13 judgment into the Treasury Offset Program and waives all notices of the
14 Treasury Offset Program, all notices of offset, and all rights to contest
15 any and all offsets.

January 21, 2022

16 　　　　v.   Restitution shall be paid to or on behalf of the following
17 victim(s):

| Victim | Amount |
|---|---|
| Rideshare Company B | $67,476.53 |
| Rideshare Company F | $9,041.67 |
| Delivery Company A | $6,246.83 |
| Delivery Company C | $33,385.54 |
| Delivery Company D | $7,048.87 |
| Delivery Company E | $24,437.55 |
| Delivery Company G | $12,707.82 |

26 　　　The restitution shall be paid through the Office of the Clerk of
27 the District Court by bank or cashier's check or money order referencing
28

Financial Addendum　　　　　　　　　　22　　　　　　　　　　Def. Initials _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　21-CR-1538-GPC

the criminal case number and made payable to the "Clerk, United States District Court."

C. **FINE**.

    i. Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any fine. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

    ii. The parties agree that notwithstanding any Court imposed schedule for payment of a fine, the total amount of the fine shall be due immediately and shall be deemed to be payable forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the fine, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith effort to pay the fine. Defendant agrees to entry of the fine into the Treasury Offset Program ("TOP") and waives all notices of TOP and offsets, and waives all rights to contest the TOP offsets.

    iii. The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

D. **ADDITIONAL TERMS**

    i. Defendant agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out and any restitution or fine ordered

pursuant to this agreement, including any claim that the forfeiture, restitution, or fine constitutes an excessive fine or punishment under the United States Constitution.

    ii.  The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's income tax returns from year preceding the crime until the restitution is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

    4.  Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to May 14, 2021), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since May 14, 2021, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.

    iii. From the date this financial addendum is executed until the fine and/or restitution/ forfeiture judgment is paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section of the United States Attorney's Office of (i) any

interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer. This obligation covers <u>any</u> interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

  iv. Defendant understands that the restitution is delinquent until paid in full. Until the restitution is paid in full, Defendant shall immediately notify the Asset Recovery Section, United States Attorney's Office, of any material change in Defendant's financial condition.

  v. Defendant consents to the immediate recording of judgment liens as the United States deems appropriate as to all financial penalties imposed by the Court.

\*\*\*\*

Defendant understands that the main plea agreement and this financial addendum embody the entire plea agreement between the parties and supersedes any other agreement, written or oral.

| Date | Signature |
|---|---|
| 1/21/2022 | \* Leonardo Trulsen de Oliveira<br>LEONARDO TRULSEN DE OLIVEIRA<br>Defendant |
| 1/21/2022 | *Sandra Lechman*<br>SANDRA LECHMAN<br>Defense Counsel |
| January 21, 2022 | [signature]<br>RANDY S. GROSSMAN<br>United States Attorney<br>P. KEVIN MOKHTARI<br>Assistant U.S. Attorney |

---

\*On January 21, 2022, I, Sandra Lechman, attorney for Leonardo Trulsen de Oliveira read and explained this addendum to Mr. Trulsen de Oliveira with the help of a Court certified Portuguese interpreter. Mr. Trulsen de Oliveira understood everything we discussed and authorized me to sign this addendum for him. He understands that my signature on his behalf has the same effect as if he had signed himself. He agrees to be bound by all the terms and conditions of this addendum.